Davis, J.,
delivered tbe opinion of tbe court:
Tbe claimant did two distinct pieces of work for tbe defendants, and brings tbis. action to recover tbe value of labor and materials alleged to bave been done and furnished in each and not to bave been paid for.
Tbe first is said to bave been done on tbe foundation of a lodge for tbe national cemetery at Yorktown. Tbe claimant contracted to build tbe lodge according to agreed plans and specifications for an agreed sum. When tbe site for tbe building was selected, it was found necessary to make tbe foundations deeper than tbe specifications called for. Tbe quartermaster in charge thereupon requested tbe claimant to sink tbe foundation-wall five feet instead of two, and to inform tbe quartermaster’s office “of tbe additional cost entailed by tbe extra work.” Before tbe claimant commenced work, be wrote to tbe quartermaster “that tbe increased depth of walls” would cost $1,350. No reply appears to bave been made to tbis letter. Tbe claimant then performed tbe work contracted for, and also builttke foundations for tbe building five feet deep instead of two, as requested. Tbe actual cost of tbe extra work was $160. Tbe claimant has been paid in full for tbe labor and materials furnished under tbe contract, but nothing for tbe extra labor and materials on tbe foundation. He seeks to recover for tbe latter tbe sum of $1,350, on tbe ground that bis letter and tbe subsequent silence of tbe defendants, and their allowing him to perform tbe work and furnish tbe materials after bis letter without objection, constituted an express contract to pay him tbe sum named in bis letter.
In our opinion, tbis proposition cannot be maintained. We regard tbe claimant’s letter as an estimate of tbe pirobable cost of the extra work. It was written in response to a request from tbe defendants for such estimate, and therefore cannot be regarded as an offer to do tbe work at that price which was accepted by tbe defendants. Tbe claimant is entitled to recover only tbe actual cost of tbe extra work and labor, with a reasonable commission for bis trouble in superintending it. In tbe absence of evidence, we fix 10 per cent, as such reasonable commission.
The claimant also contracted with tbe defendants for tbe con *381 struction. of a wall around tlie Eichmond cemetery and of three gate-posts in the same.
In constructing the wall, it was again found necessary to deepen the foundations beyond the depth called for by the specifications. Two thousand four hundred and thirty cubic feet of extra foundation-wall were thus constructed. This extra work was not completed in the durable manner required by the contract for the contract wall. Dry walls were built instead of masonry for from 8 to 18 inches in height. The defendants paid the claimant for 2,068| feet of this extra wall at the rate of 26J cents per cubic foot. Nothing has been paid for the remaining 361J feet.
The actual cost of the whole extra foundation was '$640.90. Although the wall was inferior in quality and character to the work called for by the specification, we think that, as the defendants have the benefit of it, and have accepted and paid for a large portion of it, they should reimburse the claimant for its actual cost. They have already paid $548.22 on account of it; there remains therefore to be paid $92.6S.
The remaining demand of the claimant is for extra work on the gate-posts. The specifications called for walls of 18 inches in width and for gate-posts of 15 inches in width. The claimant, of his own motion, in order to harmonize the post with the wall in which it was to stand, put in the three posts of a width of 18 inches. The extra cost of such gate-posts was $30 each.
The claimant asks judgment for $90 for this extra work, on the ground that the defendants have the benefit of the increased Talue of the posts. We do not think the claim can be maintained.
For the foregoing reasons the claimant is entitled to judgment for the sum of $262.68.
Nott, J., was prevented by illness from taking part in the decision of this cí s i.